JOHN DAVIS' EXRS. et al. *v.* S. P. HANE.

**Bills of Exchange — Indorsement — Fraud — Attachment — Answer — Presumptions.**

In the absence of proof to the contrary, the presumption is that negotiable paper acquired in the usual course of business and for a valuable consideration, has been indorsed before it came due.

**Burden of Proof.**

Where the allegations that an indorsement was fraudulent, without consideration, and made when the bill was past due, are denied, the burden of proof is on the plaintiff.

**Special Judge — Oath.**

The objection that a special judge was not sworn cannot be set up in this court for the first time.

**Stamping Bills of Exchange.**

The fact that a bill of exchange had not been stamped according to the acts of Congress does not operate to render it invalid.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

February 1, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

This appeal brings before us for revision a judgment of the court below preferring and sustaining the claim of the appellee as the indorser and holder of two bills of exchange drawn by William E. Williams in favor of himself on and accepted by Mittan C. Dillon and indorsed and delivered by Williams to the appellee, in opposition to the claims of the appellants as attaching creditors of Williams.

In the cross-pleading between the parties it is alleged by the appellants and denied by the appellee that the indorsements to the appellee were fraudulent and without consideration and made when the bills were past due, and accepted by appellee with notice of the levy of the attachments in the hands of Dillon. It is insisted for the appellants that notwithstanding the general denials of the answer of the appellee his answer was insufficient in not averring the date of the indorsements and transfers to him and the consideration for which they were made.

In the absence of proof to the contrary, the law presumes, in favor of negotiable paper, and we so regard the bills in contro-

versy, that it was indorsed before it became due and that the holder acquired it in the usual course of business and for a sufficient consideration, and the answer, which denies the material averments made by the appellants to the contrary, seems to us to be sufficient to impose the burden of proof upon them to show that the bills were indorsed after they were due and without consideration, and there being no evidence to repel the presumption in favor of the rights of the holder, the objection to the judgment in this respect cannot be sustained.

Nor can the objection that the record fails to show that the special judge was sworn according to law, avail the appellants, as they do not appear to have made it in the court below.

In regard to the fact that the bills were not stamped agreeably to the act of Congress on that subject, it has lately been decided by this court that while such omission might subject the parties to fines and penalties, under the act of Congress, it does not operate to render the instrument itself invalid according to the laws of this State.

Wherefore, perceiving no error in the judgment, the same is affirmed with damages.